# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

GARY TOLER,

    Plaintiff,

v.                                      Case No. 2:25-cv-00612

WEXFORD HEALTH SOURCES, INC.,[1]

    Defendant.

## ORDER AND NOTICE

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.    Leave to amend complaint.**

On October 15, 2025, the Clerk docketed what has been construed as a Letter-Form Complaint (ECF No. 1) from Plaintiff, a state inmate being housed at the Mount Olive Correctional Complex, largely concerning his medical treatment by unidentified employees of Wexford Health Sources, Inc., the contracted medical provider for the West Virginia Division of Corrections and Rehabilitation ("WVDCR"). After filing the initial letter-form complaint, Plaintiff has sent two additional letters to the undersigned United States Magistrate Judge. Plaintiff is hereby **DIRECTED** to cease mailing letters directly to the Court. Instead, he should direct all filings to the Clerk of Court, using the same

---

[1] Plaintiff improperly named this defendant as "Wexford Medical." The Clerk is directed to modify the docket sheet to reflect the proper name of the defendant and Plaintiff is instructed to use that name moving forward.

address he has been using. Plaintiff's most recent mailing to the undersigned includes an attached medical report. The Clerk is directed to docket the most recent letter received from Plaintiff on November 3, 2025 as "Additional Documentation in support of Complaint." Out of an abundance of caution to protect Plaintiff's privacy, however, it is hereby **ORDERED** that the medical report attached to that letter be **FILED UNDER SEAL**. Plaintiff is hereby instructed that the filing of evidence at this early stage of these proceedings is unnecessary and discouraged.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)

2

(stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447,

3

452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Plaintiff's complaint generally alleges that Wexford has "failed to follow protocol" concerning his treatment for various health conditions. However, Plaintiff provides no specific factual details to support his claims. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a specific defendant violated his federal constitutional or statutory rights and must allege specific facts as to how such violation occurred. *See* 42 U.S.C. § 1983.[2] However, Plaintiff has not named any specific individual defendants herein; nor has he described any specific conduct by individual Wexford employees.

If, instead, Plaintiff intends to bring a claim against Wexford Health Sources, Inc. ("Wexford") itself, he must sufficiently allege that a specific policy or custom of Wexford's caused him injury. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) ("[a] private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights."); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) ("In [*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)], the Supreme Court held that a municipal corporation cannot be saddled with section 1983 liability via *respondeat superior* alone. We see this holding as equally applicable to the liability of private corporations."). Thus, to state a claim against Wexford, Plaintiff must sufficiently plead facts, which if true, establish the

---

[2] Plaintiff's letter-form complaint documents appear to seek both monetary damages and "compassionate release" from custody. Plaintiff is hereby **NOTIFIED** that this federal court lacks authority to grant him release from state custody in a civil rights case such as this. Rather, Plaintiff may only seek release from custody through a habeas corpus petition and he must first exhaust such remedies in the state courts before he may seek federal habeas corpus relief. Plaintiff's complaint also appears to allege that the Summers County Prosecuting Attorney and law enforcement officials promised and failed to protect Plaintiff after he testified in another prisoner's criminal case. If Plaintiff intends to pursue any claim based upon this alleged failure to protect him, such claim(s) must be raised in a separate civil action, as they do not arise out of the same conduct, transaction, or occurrence as his medical treatment claims and would be against different defendants.

4

existence of a corporate policy or custom that allegedly caused him injury and "a single instance of the complained-of conduct is insufficient to establish that the conduct was undertaken pursuant to policy." *Revene v. Charles Cnty. Comm'rs.*, 882 F.2d 870, 875 (4th Cir. 1989).

Moreover, Plaintiff's documents assert his claims in piecemeal and his claims are not contained in one integrated document that complies with the Federal Rules of Civil Procedure and will place the defendant(s) on notice of his specific claims against them. Consequently, his letter-form complaint and additional documents, as pled, fail to state a plausible claim for relief and would be subject to dismissal. The undersigned **FINDS**, however, that the interests of justice require that Plaintiff be given an opportunity to amend his complaint to assert claims that are actionable in this court and are asserted in the proper format. Accordingly, it is hereby **ORDERED** that Plaintiff is granted leave to file an amended complaint by **December 5, 2025**.

It is further **ORDERED** that the Amended Complaint must identify, to the best of Plaintiff's information and belief, each individual or entity he seeks to name as a defendant. Plaintiff must also state what constitutional, statutory, or common law rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, when and how each named defendant was involved in the alleged deprivation of his rights and the damage or injuries he suffered as a result.

If Plaintiff is unable to specifically identify a defendant, he should name that defendant as "John Doe" (and if there is more than one John Doe defendant, then he should name them as "John Doe # 1," John Doe # 2," etc.) and attempt to describe their position or job title. Furthermore, Plaintiff should, to the best of his knowledge and belief,

5

specifically describe the actions or omissions of the John Doe defendants, just as he should for any specifically identified defendant. Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior complaint, or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will supersede the original complaint and additional documentation, and there must be **one integrated document** that will provide the defendant(s) with notice of the claims and allegations against them.

Plaintiff is further **NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure, he should include a caption of the case with the names of all of the parties, and he should state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and each type of claim, if more than one, should be set out in a separate count, to promote clarity. Fed. R. Civ. P. 10. Plaintiff is further **NOTIFIED** that the failure to comply with this Order and Notice will result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

Additionally, Plaintiff has not paid the applicable $405 filing fee or filed an Application to Proceed Without Prepayment of Fees and Costs, including a completed certificate by the Trustee Clerk at his correctional facility setting forth his account information, as required for the court to rule on whether he may proceed *in forma pauperis*. Accordingly, it is hereby **ORDERED** that Plaintiff shall either pay the $405 filing fee or file a properly completed Application form, including having the certificate section completed by the Trustee Clerk at his correctional facility, by **December 5, 2025**.

### B.     Request for appointment of counsel.

Plaintiff's letter-form complaint also contains a request for "a federal lawyer" to assist him. (ECF No. 1 at 4). However, unlike in a criminal case, Plaintiff has no constitutional right to counsel in this civil action, and appointment of counsel rests within the discretion of the court. The appointment of counsel to represent *pro se* plaintiffs in civil actions is governed by 28 U.S.C. § 1915(e)(1), which states, in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel." Thus, the Court may ask an attorney to represent Plaintiff, but does not have the power to mandate that an attorney accept such representation. Moreover, outside of the statutory attorney fees available under 42 U.S.C. § 1988, which are available only if Plaintiff prevails on claims for relief under 42 U.S.C. § 1983, this Court lacks any authority to award or provide for payment of counsel's fees and costs, unlike in a criminal case.

A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)). Recently, the Fourth Circuit held that, in determining whether such exceptional circumstances exist, courts must assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities. *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024). The *Jenkins* Court further emphasized that "a district court should consider a litigant's carceral status, educational background, legal understanding, mental illness, and ability to access both legal research materials and evidence, as well as whether the case depends on the competing credibility of witnesses, who the pro se litigant would have

difficulty cross-examining without the aid of a lawyer." *Brightwell v. Temesgen*, No. CV BAH-23-797, 2024 WL 3597192, at *9 (D. Md. July 31, 2024) (citing *Jenkins*, 109 F.4th at 248-49). Plaintiff's motion fails to address these factors in any detail and, at this early stage of the proceedings, the undersigned cannot find that exceptional circumstances warrant the Court to seek counsel for Plaintiff. Accordingly, Plaintiff's request for appointment of counsel contained in ECF No. 1 is **DENIED WITHOUT PREJUDICE**.

Plaintiff is further **NOTIFIED** that, pursuant to Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, he must promptly notify the Clerk of Court and any opposing party of any changes in his contact information. The failure to comply with any of the requirements set forth in this Order and Notice will also result in the undersigned's recommendation of dismissal of this matter pursuant to Rule 41(b).

The Clerk is directed to mail a copy of this Order and Notice to Plaintiff, along with a Complaint form with the above-referenced case number, designated as an Amended Complaint, but otherwise blank, and an Application to Proceed Without Prepayment of Fees and Costs.

ENTER:     November 5, 2025

Dwane L. Tinsley
United States Magistrate Judge